ADAMANT MANUFACTURING COMPANY v. JACOB PETE.[1]

June 27, 1895.

Nos. 9431—(197).

New Trial—Surprise—Newly-Discovered Evidence.
> Motion for a new trial, on the ground of surprise and newly-discovered evidence, *held* properly refused.

Appeal by defendant from an order of the municipal court of Duluth, Winje, Special Judge, denying a motion for a new trial. Affirmed.

*A. J. Thomas*, for appellant.
*Alford & Hunt*, for respondent.

BUCK, J. This is an appeal from an order of the court below denying the defendant's motion for a new trial, upon the grounds of surprise and newly-discovered evidence. So far as the record presents proof of newly-discovered evidence, we think it is merely cumulative, and therefore not a good ground for granting a new trial, within

[1] Reported in 63 N. W. 1027.

the well-settled rules of this court.    Nor does the appellant present sufficient grounds for a new trial upon the ground of surprise.

In the defendant's affidavit used upon the motion for a new trial, he alleges that, after this action was commenced, one Norberg, the principal witness for the plaintiff, and who was in the employ of defendant at the time of the making of the contract sued upon, said to defendant that, if he (Norberg) was called to the stand on the trial of the action, he would testify that, when he made the contract upon which the suit was brought, he was acting for himself, and not for the defendant, and that the terms of the sale as agreed upon were not such as were in the contract; that he did not read the order before signing; that defendant was not to pay for the material until it was sold; that defendant did not know anything about the order; and that it was not signed by defendant's authority.

All of this was material testimony upon the matter in controversy, and upon the trial Norberg testified directly contrary to what the defendant alleged he had told him that he would testify to; yet the defendant, who was present on the trial, and sworn in his own behalf, omitted to testify to any of these statements so made to him by Norberg after the action was commenced.    To grant a new trial upon the ground of surprise under such circumstances as these would be encouraging gross negligence, and the court very properly refused it.

The order denying the motion for a new trial is affirmed.